22 C. C. P. A. (Patents)

## In re BRAWN.

### Patent Appeal No. 3488.

Court of Customs and Patent Appeals.

May 27, 1935.

Alexander & Dowell, of Washington, D. C. (Arthur E. Dowell, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant insists that the principal issue here is that of his right to have allowed the two product claims of his application which define the product only by the steps followed in the process of making it.

The application, as filed in the United States Patent Office, relates to "Design Printing Cylinder & Method of Making Same."

Seven process claims stand allowed, but the Examiner denied the product claims, and his decision was affirmed by the Board of Appeals, whereupon the case was brought to us for review.

The Examiner based his rejection upon the ground that the claims are "improper article claims because they claimed the article in terms of making it," citing many authorities. No patent was relied on, but, to illustrate a printing cylinder made in a single piece, the Examiner cited patent 1,261,642, issued to Emil T. Neben, April 2, 1918.

In its original opinion the Board of Appeals rested its decision upon the same ground, but indicated that the claims might have been rejected solely upon Neben as well. A petition, which the Board construed as a petition for reconsideration, was granted, and in its second decision it again rested rejection upon the original ground, but also specifically included "a further rejection on the patent to Neben."

The appealed claims read:

"12. As an article of manufacture, a design printing ring comprising a plurality of segments united in ring form by partially melting the metal of the segments along their meeting edges at the inner sides thereof.

"13. As an article of manufacture, a design printing ring, comprising three cast stereotype metal segments united in ring form by partially melting the metal of the segments along their meeting edges inside the ring."

We quote allowed claim 10 for the purpose of showing the process in detail:

"10. The herein described method of making design printing cylinders; consisting in preparing the design in bas-relief on a plate, making a matrix from such plate, casting a semi-cylindric stereotype plate from such matrix, trimming such plate to a segment of less size containing a complete section of the design to insure registration of the edges of the design thereon with the design on the abutting edges of adjacent segments, assembling a plurality of such segments in a circle with their edges abutting, partially melting the abutting edges of the plates on the inner sides thereof to unite them into a continuous ring, and assembling such rings on a supporting roll."

The claims themselves seem sufficiently to disclose the character of the article. Appellant makes segments of a cylinder instead of making an entire cylinder in one operation, and unites the segments into a unit, as described in the claims.

The Neben patent is entitled "Mold for casting peripherally-closed relief-engraved printing-cylinders," and each of the claims is limited to the mold; there being none for a printing-cylinder per se. The specification, however, discloses a printing cylinder made in one piece and no question is raised concerning the validity of Neben as a reference.

It is conceded, in effect, that from viewing the surface of a Neben cylinder and the surface of a cylinder made by the process of appellant no distinction of moment would be discernible. In other words, after appellant has united his segments, he has a cylinder which is as much a unit as is the cylinder originally made as a unit.

In view of this showing, it does not seem to us essential to enter upon a discussion and determination of the issue respecting appellant's right to product claims which describe the product only in terms of the method of its production.

Appellant concedes that the general rule is that claims so defined are not allowable but points to authorities upholding such claims in exceptional cases, where it was found that the products could not be described in any other manner, and insists that his case constitutes a similarly exceptional case.

We feel convinced that, even were appellant's cylinder described in product terms, without reference to the method of its production, it would still have to be rejected upon the disclosures of the Neben patent, and that the method of making it cannot properly be held to lend patentability to it. In other words, while appellant has developed a new process for making a printing cylinder, he has not produced a new product patentably distinct from the old. In re Charles R. Butler, 37 F.(2d) 623, 17 C. C. P. A. (Patents) 810; In re Robert H. Lawson, 39 F.(2d) 667, 17 C. C. P. A. (Patents) 1006; In re Holmes, 63 F.(2d) 642, 20 C. C. P. A. (Patents) 899.

The decision of the Board of Appeals is affirmed.

Affirmed.